UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANDY BATISTE                                    CIVIL ACTION

VERSUS                                           NO. 06-1452

22ND JUDICIAL DISTRICT COURT                     SECTION "A" (2)
JUDGE WILLIAM J. KNIGHT ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Randy Batiste, is a prisoner currently incarcerated in the Caldwell Correctional Center in Grayson, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against St. Tammany Parish 22nd Judicial District Court Judge William J. Knight, Assistant District Attorney Leigh Wall and attorneys Jerry L. Fontenot, Marion B. Farmer and Jim Meckett.

Batiste alleges that his guilty plea was involuntary and that actions taken by counsel and the judge in connection with his state court criminal case resulted in his illegal conviction and sentence. Record Doc. No. 1, Complaint at ¶ IV. Batiste seeks

to have his sentence vacated and $50,000 in compensatory damages for pain and suffering. Record Doc. No. 1, Complaint at ¶ V.

Specifically, Batiste alleges in his complaint the following:

"1/27/2005 Judge Knight deni[ed] me my due process rights, also I was compelled by sentencing court theory of unlawful threats to accept plea agreement. Mr. Fontenot and Mr. Meckett agreed with Judge Knight and Ms. Walls the D.A. to abolish my 4th amendment disposition through waiver of fundamental rights despite no probabl[e] cause exist (sic) for felony arrest and seizure of narcotic, by withdrawl (sic) of Motions to Suppress 6th Amendment right reasonable doubt constitutional standard. Mr. Fontenot['s] performance triggers a 6th Amendment violation for deficient performance and prejudice. Attorneys complete and violation of 6th and 14th to amendments to the U.S.C. I hired Mr. M. Farmer but he sent his assistants. Denied effective counsel violation of 6th and 14th Amendments. Judge denied wright (sic) to a hearing, of post-conviction."

Id. at ¶ IV.

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks

monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1] In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has not exhausted his state court remedies.

II.   SECTION 1983 CLAIMS

A.   JUDICIAL IMMUNITY

Plaintiff's claims against Judge Knight are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

Batiste's claims against Judge Knight clearly arise from actions taken by the judge in connection with plaintiff's criminal proceedings in the St. Tammany Parish 22nd Judicial District Court, actions well within the judge's jurisdiction and clearly a function of his judicial role. Therefore, these claims are based on a meritless legal theory, fail to state a claim upon which relief can be granted and are asserted against a defendant who is immune from the requested relief. All claims against Judge Knight must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

B.   PROSECUTORIAL IMMUNITY

St. Tammany Parish Assistant District Attorney Wall apparently has been named as a defendant in this case based solely upon her actions as a prosecutor in connection with state court criminal proceedings against Batiste. To the extent that Batiste asserts claims against this defendant in her individual capacity, she is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995). It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994). This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process." Id.; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999)

(quotations omitted) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Butz v. Economou, 438 U.S. 478, 510 (1978)).

In the instant case, the actions of a prosecutor in the district attorney's office concerning criminal charges against Batiste in St. Tammany Parish form the exclusive basis of plaintiff's claims against her. The assistant district attorney's actions in initiating and pursuing the prosecution of Batiste fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the assistant district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all claims against Wall in her individual capacity must be dismissed.

C.  DEFENSE ATTORNEYS ARE NOT STATE ACTORS

Defendants, Jerry L. Fontenot, Marion B. Farmer and Jim Meckett, sued in this action under Section 1983, are all attorneys who allegedly represented plaintiff in his state court criminal proceedings. To be successful under Section 1983, a plaintiff must establish that defendants have acted under color of state law in violating his rights. See Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). To state a claim under Section 1983, a plaintiff must show "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law." Mississippi Women's Medical Clinic v. McMillan, 866 F.2d 788, 791 (5th

Cir. 1989) (emphasis added); Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999). Plaintiff must show that defendants' actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988).

Under no circumstances can these particular defendants, all attorneys who represented Batiste in his criminal case, be considered state actors. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal District Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). Because these defendants are not state actors, plaintiff's Section 1983 claims as to these defendants have no basis in federal law and must be dismissed for failure to state a cognizable claim.

D.   HECK APPLICATION TO SECTION 1983 CLAIMS

Batiste seeks both monetary damages and injunctive relief as to his claims. In either case, his claims must be dismissed at this time. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

> to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).

Plaintiff's claims are clearly connected to the validity of his conviction and present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Among other things, he challenges the validity of his guilty plea, certain actions by the trial judge and prosecutor during his criminal proceedings and the performance of his criminal defense counsel.

Batiste's complaint indicates that he plead guilty on January 27, 2005. At the time of filing this complaint, plaintiff was in custody in the St. Tammany Parish Prison in Covington, Louisiana, and he currently remains incarcerated at the Caldwell Correctional Center in Grayson, Louisiana. Record Doc. No. 1, Complaint at p. 2 and Record Doc. No. 4. His conviction has not been set aside in any of the ways described in Heck. Thus, any claims for damages or other relief that plaintiff asserts attacking the manner of his conviction and continued confinement are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's claims is with prejudice to their being

asserted again until the Heck conditions are met.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### III. HABEAS CORPUS CLAIMS

As noted above, Batiste's complaint in part challenges the very fact and duration of his confinement.  Although his suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his conviction and seeks his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982).  Thus, although Batiste filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Batiste does not allege and there is no proof that he has exhausted his state court remedies. On the contrary, on the first page of his complaint, Batiste indicates that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action. Id. p.1, ¶ I (A). Furthermore, research by

staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Batiste has not sought review of the validity of his current incarceration in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted, or because it seeks monetary relief against an immune defendant under 28 U.S.C. § 1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __10th__ day of April, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE